# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05CV20

| | |
|---|---|
| SUSAN LYNN BOGAN and JEFFREY MICHAEL BOGAN, )<br>)<br>Plaintiffs )<br>)<br>v )<br>)<br>HAWKSNEST SKI & SNOW TUBING, INC., )<br>)<br>Defendant, )<br>) | ORDER |

**THIS MATTER** is before the court on defendant's Motion for Summary Judgment, filed August 23, 2005. Plaintiffs filed their Memo in Opposition on September 9, 2005, and defendant filed its Reply on September 20, 2005.

Even though substantial discovery has not taken place, including the lack of a deposition of Mrs. Bogan, defendant has moved for summary judgment contending that "[p]rior to Plaintiff Susan Bogan riding down the lane, she was aware that she was unable to reach the ground with her feet," and that "she knew she could not drag her feet to stop as directed by the signs." Motion for Summary Judgment, at ¶ 10. Defendant bases at least this part of its Motion for Summary Judgment on paragraph 10 of the Complaint, which *in toto* provides:

> Due to the size of the snowtube assigned to Plaintiff Susan Bogan, she was unable to reach the ground with her feet once she was properly situated in the snowtube.

Complaint, at ¶ 10. No were in such paragraph does Mrs. Bogan state that she knew *before* she when down the slope that the tube was too large or that her feet could not touch the ground. What plaintiff *knew* and of what she was *aware* are matters that can only be determined through discovery.

Further, defendant seeks summary judgment contending that plaintiff's height, which is 61 inches, see Complaint, at ¶ 9, is a "physical limitation," that she was aware that her height was a physical limitation, and that such amounts to contributory negligence barring her claim. Motion for Summary Judgment, at ¶ 14. Again, whether or not someone is suffering from a physical limitation that prevents her participation in a particular activity is just the type of issue discovery sheds light on. If, in fact, a person who is 61 inches or less should not participate in this activity the court assumes that the party seeking to establish this point will put on evidence in the form of expert testimony. Likewise, if it is dangerous for a person who is of that height or less to participate in such sport, it is quite conceivable that the enterprise selling such a person a ticket would have a duty to make such a warning, or provide signs or displays to the effect that you must be "this tall" to participate. In addition, an enterprise may well have a duty to provide proper equipment.

The court has not, and will not, address all of the contentions in defendant's motion; however, defendant's motion raises issues which can be narrowed if not resolved through taking depositions, hiring experts, and propounding discovery requests. While allowing for the filing of summary judgment motions as early as 20 days after commencement of the action, Fed.R.Civ.P. 56(a), the Federal Rules of Civil Procedure do not allow such motions to go forward where relevant discovery has not been taken. Fed.R.Civ.P. 56(f). Simply put, premature motions for summary judgment waste limited judicial sources in reviewing what is, at best, an incomplete record.

Courts do not take on the task of winnowing down issues where there are obviously pending issues of material fact that have not even been inquired into by the parties. Where summary judgment is sought before the conclusion of discovery, the Court of Appeals for the Fourth Circuit held in Evans v. Technologies Applications & Service Co., 80 F.3d 954

(4th Cir. 1996), as follows:

> As a general rule, summary judgment is appropriate only after "adequate time for discovery." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Temkin v. Frederick County Comm'rs, 945 F.2d 716, 719 (4th Cir.1991), cert. denied, 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992). "[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson, 477 U.S. at 250 n. 5, 106 S.Ct. at 2511 n. 5.

Id., at 961. The "discovery rule" is not automatic; instead, a party resisting summary judgment must move for a continuance of consideration of the summary judgment motion under Rule 56(f):

> We have held that the nonmoving party cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery or moved for a continuance to permit discovery before the district court ruled. See Nguyen, 44 F.3d at 242. Federal Rule of Civil Procedure 56(f) permits a court to deny summary judgment or to order a continuance if the nonmovant shows through affidavits that it could not properly oppose a motion for summary judgment without a chance to conduct discovery. We, like other reviewing courts, place great weight on the Rule 56(f) affidavit, believing that "[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." Nguyen, 44 F.3d at 242 (citing Hayes v. North State Law Enforcement Officers Ass'n, 10 F.3d 207, 215 (4th Cir.1993)); see also Rohrbough v. Wyeth Labs., Inc., 916 F.2d 970, 972 n. 3 (4th Cir.1990) (if plaintiffs arguing that summary judgment was premature because they had inadequate time for discovery were "genuinely concerned," then they should have sought relief under Rule 56(f)). The Second Circuit Court of Appeals has similarly explained that "[a] reference to Rule 56(f) and to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit ... and the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir.1994) (internal citations omitted).

Id. Having carefully considered defendant's motion and plaintiffs' response, it is clear that plaintiffs have made precisely such an argument: "Discovery is still ongoing, and counsel for Defendant has yet to depose the Bogans, and is not in a position to state that certain facts are

'undisputed.'" Memo in Opposition, at 1. Plaintiffs have, therefore, properly invoked Rule 56(f), and the court finds that *discovery* and development of the record will assist the court in resolving a summary judgment motion filed at the conclusion of discovery.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE** as premature in accordance with Rule 56(f), Federal Rules of Civil Procedure.

**Signed: October 12, 2005**

Dennis L. Howell
United States Magistrate Judge